HICKEY & CO. INC. *v.* VANDIVER, commissioner, *et al.*

Denial of injunction against collection of the special tax imposed by par. 67 of sec. 2 of the tax act of 1923 was not erroneous.

No. 5977. FEBRUARY 16, 1928.

Petition for injunction. Before Judge Custer. Dougherty superior court. March 31, 1927.

*R. B. Williamson,* for plaintiffs. *B. C. Gardner,* for defendants. •

HILL, J. W. E. Hickey & Company Incorporated and others brought a petition for injunction against John M. Vandiver, commissioner of revenues, P. H. Jones, tax-collector of Dougherty County, and others, to prevent a sale of certain property levied upon under an execution issued against plaintiffs for special taxes alleged to be due by them under the tax act of 1923, Ga. L. Ex. Sess. 1923, pp. 42, 53, sec. 2, which imposed (par. 67) : "Upon each person, firm, or corporation selling, whether as manufacturer, agent, or dealer in any lighting system, whether gas, gasoline, or electrical, $25 in each county," and (par. 106) "Upon each person, firm, or corporation dealing in, as manufacturers of or agents for any waterworks system, whether the power of operating same is derived from a windmill, hydraulic, gas, or similar engine or electrical apparatus, the sum of $100 in each county wherein such business is carried on." Also, to enjoin the defendants from "instituting criminal proceedings against petitioners or. any of them," for failure to pay the tax. It was alleged that the tax was in violation of art. 1, sec. 8, par. 3, of the constitution of the United States,

License, 37 C. J. p. 173, n. 87.

57

which gives to Congress the sole right to regulate trade between the States; and that the plaintiffs are engaged in interstate commerce and are not subject to any tax by the State. The case was tried without intervention of a jury, upon agreement of counsel. The judge held, under the evidence, that the defendants should be permanently enjoined from attempting to collect of the plaintiffs the tax imposed in paragraph 106, on the ground that the business conducted by them was interstate commerce; but that the defendants be allowed to collect the tax imposed by paragraph 67 for selling lighting plants, as the business conducted thereunder was intrastate commerce. To the latter portion of the judgment the plaintiffs excepted.

The record and the evidence being examined, it is held that the court did not err in the judgment to which exception is taken.

*Judgment affirmed. All the Justices concur.*